IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TONY EARL BAILENTIA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:14-CV-472 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Tony Earl Bailentia, Jr., a federal prisoner, proceeding *pro se*, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background

A federal grand jury in the Eastern District of Texas indicted the movant for being a felon in possession of a firearm on May 11, 2011, in violation of 18 U.S.C. § 922(g)(1). A notice of penalty attached to the indictment advised the movant that he would receive a minimum 15-year sentence of imprisonment if the court found that the movant was an armed career offender under 18 U.S.C. 924(e). The case was tried before a jury, but the jury was unable to reach a unanimous verdict. On September 21, 2011, the court declared a mistrial.

On October 19, 2011, a grand jury returned a first superseding indictment charging the movant with two counts of being a felon in possession of a firearm. Count One charged the movant with possessing a firearm on April 24, 2011, and Count Two charged him with possessing a firearm on May 11, 2011. The superseding indictment also advised the movant of a potential 15-year minimum sentence. A jury found the movant guilty on both counts. The movant filed a motion for a new trial and renewed his motion for acquittal. On December 5, 2011, the Court granted the movant's motion for judgment of acquittal as to Count One of the indictment after concluding that

the government failed to prove that the firearm used on April 24, 2011, had traveled in interstate commerce. The Court denied the motion for judgment of acquittal as to Count Two and denied the motion for a new trial. On June 12, 2012, the movant was sentenced to 252 months of imprisonment. The judgment was affirmed on appeal, and the United States Supreme Court denied the movant's petition for writ of certiorari.

## The Motion to Vacate

The movant contends that his sentencing violated 18 U.S.C. § 3661 because the Presentence Report (PSR) did not mention the treatment and psychoanalysis the movant had received for his mental health issues. The movant contends the prosecutor committed misconduct by allowing unsupported facts to be in the PSR and to be double-counted for sentencing purposes. The movant contends the court did not consider the factors set forth in 18 U.S.C. § 3553 when assessing the movant's sentence and did not consider a downward departure. The movant contends the court erred by denying his motion for acquittal as to Count Two of the indictment because the evidence was insufficient to support the conviction. The movant alleges the court erred by sentencing him under the Armed Career Criminal Act (ACCA) because: (1) the prior convictions were not alleged in the indictment and proven beyond a reasonable doubt to the jury as required by the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); (2) the movant did not have notice of the sentence enhancement; and (3) the movant's prior burglary conviction was not a qualifying offense. The movant also alleges the court erred by allowing extraneous offense evidence pertaining to Count One of the indictment. The movant contends his attorney provided ineffective assistance of counsel by failing to: (1) correct inconsistencies in the PSR; (2) conduct any pre-trial investigation; (3) investigate the movant's mental health issues and request a mental health evaluation and

2

competency hearing; and (4) request the videotape from the arresting officer's vehicle. Finally, petitioner contends his sentencing under the ACCA was improper in light of the Supreme Court's holdings in *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, _ U.S. _ , 136 S. Ct. 2243 (2016).

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral

3

proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## Analysis

I.  *Claims Raised on Direct Appeal*

The movant raises several issues that were previously resolved on direct appeal. The movant contends that: (1) the evidence was insufficient to support his conviction for Count Two of the indictment; (2) the court erred by allowing extraneous offense evidence pertaining to Count One of the indictment; (3) the court erred by sentencing him under the ACCA because the prior convictions were not alleged in the indictment or proved beyond a reasonable doubt, in violation of the holding in *Apprendi v. New Jersey*; (4) the court erred by sentencing him under the ACCA because his burglary conviction did not qualify as a violent felony; (5) the movant was denied notice of a sentence enhancement; (6) the court did not consider the sentencing goals of 18 U.S.C. § 3553(a). Each of these issues were raised and rejected by the United States Court of Appeals for the Fifth Circuit on direct appeal. Thus, this court may not reconsider the issues. *United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

II.  *Violation of 18 U.S.C. §3661*

Title 18 U.S.C. § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider the purpose of imposing an appropriate sentence." The movant contends his sentence violates § 3661 because the PSR did not mention the treatment and psychoanalysis he had received for mental health issues. The movant contends this issue is cognizable in a § 2255 motion because his attorney failed to raise it on direct appeal.

Although the movant contends his mental health treatment history was incomplete, he does not specify what information was allegedly omitted from the PSR. In fact, three full paragraphs in the PSR were devoted to the movant's mental health diagnoses and treatment. The court was not prevented from considering the movant's mental health problems in determining an appropriate sentence, and the result would have not have been different if additional information concerning the movant's mental health had been included in the report.

### III. *Unsupported Facts and Double-Counted Facts in the PSR*

The movant contends that prosecution committed misconduct by allowing unsupported facts in the PSR and allowing some facts to be double-counted for sentencing purposes. The movant offers no evidence or explanation to support these conclusory allegations. Therefore, he is not entitled to relief. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (holding that conclusory allegations are insufficient to raise a constitutional issue).

### IV. *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, the movant must prove counsel's performance was deficient, and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because the movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided

reasonably effective assistance, the movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, the movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. The movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

*A.     Failure to Correct Inconsistencies in the PSR*

The movant contends his attorney failed to correct errors in the PSR, but he does not identify the alleged inconsistencies or offer any factual basis for this claim. Conclusory allegations that counsel was ineffective are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Therefore, this ground for review does not warrant relief.

*B.     Failure to Conduct Pretrial Investigation*

The movant contends his attorney failed to adequately investigate the case prior to trial. The movant contends his attorney should have investigated a witness, and he should have requested fingerprint analysis of the firearm involved in the offense.

First, the movant contends his attorney should have investigated Derrick Hines, who testified at trial that the movant fired shots into his home. This testimony was contrary to the initial statement

6

Mr. Hines gave to law enforcement officers at the scene, in which he stated that he did not know who fired the shots. During cross-examination, Mr. Hines admitted that he was mad at the movant and punched him prior to the shooting, and that he had been drinking that day. Second Jury Trial Transcript (TT), Vol. 2 at 368-70. Defense counsel cross-examined Mr. Hines about his previous inconsistent statements, and Mr. Hines admitted that he had lied to law enforcement officers. TT, Vol. 2 at 373-77. Although the movant contends that defense counsel should have conducted additional investigation of Mr. Hines, he does not allege what the investigation would have shown, or demonstrated that additional investigation would have changed the outcome of the trial.

Second, the movant contends his attorney should have requested fingerprint analysis of the firearm. The movant's claim that fingerprint analysis would have changed the outcome of the trial is speculative. Conclusory assertions of prejudice are insufficient to satisfy the prejudice prong of the *Strickland* test. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008).

    C.    *Failure to Investigate Movant's Mental Health*

The movant contends that his attorney should have investigated his mental health conditions and requested a mental health evaluation and a competency hearing.

A criminal defendant must be mentally competent in order to stand trial. *Dunn v. Johnson*, 162 F.3d 302, 305 (5th Cir. 1998). To be competent, the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). This standard applies whether the defendant pleads guilty or stands trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). To determine whether the defendant is competent, the district court may rely on its own

observations of the defendant's demeanor and behavior and the observations of others who have interacted with the defendant. *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011).

The PSR shows that the movant has a history of depression and bipolar disorder and had reported hearing voices, and he had received mental health treatment for behavioral problems since the age of 11 or 12. In January 2011, the movant was diagnosed with major depression, intermittent explosive disorder, and antisocial personality disorder. At that time, the movant was not taking any medication for his problems. However, the movant was being treated with medication while his criminal case was pending.

There is no evidence in the record that the movant's mental health problems prevented him from consulting with his lawyers or understanding the nature of the proceedings or that further investigation was necessary. Because there was no indication that the movant was not competent to stand trial, counsel did not perform deficiently by failing to conduct additional investigation of the movant's mental health issues, request an evaluation, or request a competency hearing. Further, the movant has not shown that he was prejudiced by counsel's performance.

    *D.*    *Failure to Request Videotape*

The movant contends his attorney performed deficiently by failing to request a copy of the videotape from the arresting officer's vehicle. The movant contends the videotape would show conclusively that the movant was not holding a firearm. This claim is not supported by the record. The record reflects that the videotape was admitted into evidence as Government's Exhibit 16, and portions of the videotape were shown at both trials. The jury did not conclude from watching the videotape that the movant was not holding a firearm.

V.  *Improper Sentence Under the Armed Career Criminal Act*

The Armed Career Criminal Act provides that a person who violates § 922(g) is subject to a mandatory minimum sentence of fifteen years of imprisonment if he has three or more prior convictions for a violent felony or a serious drug offense. A "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The quoted language is referred to as the "residual clause" of the ACCA.

A.  *Johnson v. United States*

In 2015, the United States Supreme Court held that the residual clause of § 924(e) was unconstitutionally vague. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015). The Supreme Court recently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1260-68 (2016). Movant argues that his convictions for aggravated robbery and burglary do not qualify as violent felonies in light of *Johnson*. However, neither conviction fell under the residual clause. The aggravated robbery conviction qualified as a violent felony conviction because the use, attempted use, or threatened use of physical force against another is an element of the offense. The burglary conviction qualifies as a violent felony because burglary is an enumerated offense. Therefore, the *Johnson* claim lacks merit.

B.     *Mathis v. United States*

The ACCA definition of a "violent felony" includes the enumerated crimes of burglary, arson, or extortion. 18 U.S.C. § 924(e)(2)(B)(ii). Because the precise definition of those crimes vary by statute, the United States Supreme Court concluded that only criminal statutes that follow the usual or generic definition qualify as a violent felony. *Taylor v. United States*, 495 U.S. 575, 598 (1990). In *Mathis v. United States*, the United States Supreme Court held that a conviction under a statute that enumerates various factual means of committing a single element of an offense qualifies as a violent felony only if the statutory elements correspond to the generic offense, and the ACCA does not permit enhancement when one of the statute's specified means matches the generic offense, but the other means of committing the crime do not match the generic offense. *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243, 2250-51 (2016).

Citing *Mathis v. United States*, the movant contends that his three prior convictions did not qualify as violent felonies because there were means of committing each offense that do not match the generic offenses. The government contends that the *Mathis* claim, which was raised in a supplemental pleading, is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on § 2255 motions. 28 U.S.C. § 2255. The limitations period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional government action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. *Id*.

Movant contends the motion is timely because his claim relies on *Mathis*, which was decided on June 23, 2016. However, the Supreme Court made clear that the decision in *Mathis* was not a new constitutional rule; the decision was dictated by twenty-five years of Supreme Court precedent. *Mathis*, 136 S. Ct. at 2257. As a result, *Mathis* does not affect the date on which the statute of limitations began to run. Here, as in most cases, the applicable period of limitations began to run on the date the conviction became final. The movant's sentence became final on November 4, 2013, when the Supreme Court denied his petition for writ of certiorari. The statute of limitations began to run the next day and expired on November 4, 2014. The supplemental pleading, which was considered filed on, or about, November 3, 2016, when the movant placed it in the prison mail system, is untimely unless it relates back to the original pleading.

An amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. FED. R. CIV. P. 15(c). However, in this case, the movant's claim that counsel provided ineffective assistance by failing to object to the grouping does not relate back to the subject matter of any of the claims in the original motion. Claims raised in an amended pleading do not relate back merely because they challenge the same conviction and sentence. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The *Mathis* claim does not share facts with the other claims previously raised in this case. It is an entirely new claim that does not relate back to the original pleading. Accordingly, it is barred by the statute of limitations.

## Certificate of Appealability

In this case, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues

a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. The movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence should be denied. A final judgment shall be entered in accordance with this Memorandum Opinion. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge